| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| JUSTICE DEVON PRICE, | ) | |
| | ) | |
| Defendant. | ) | |

On November 10, 2025, Justice Devon Price ("Price" or "defendant"), proceeding pro se, moved for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 592] and filed a memorandum in support [D.E. 593]. On May 19, 2026, the United States responded in opposition [D.E. 602]. As explained below, the court denies Price's motion for compassionate release.

I.

On March 7, 2016, with a written plea agreement, Price pleaded guilty to conspiracy to distribute 100 grams or more of heroin and 100 grams or more of a mixture and substance containing a detectable amount of phencycline ("PCP"). See [D.E. 384, 385]; Presentence Investigation Report ("PSR") [D.E. 394] ¶¶ 1–4. On October 12, 2016, the court held Price's sentencing hearing. See Sent'g Tr. [D.E. 444]. At the hearing, the court denied Price's motion to withdraw his guilty plea, adopted the facts set forth in the PSR, and resolved Price's objections. See Sent'g Tr. at 4–18; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Price's total offense level to be 31, his criminal history category to be VI, and his advisory guideline range to be 188 to 235 months' imprisonment. See Sent'g Tr. at 17. The court then thoroughly considered

all relevant factors under 18 U.S.C. § 3553(a) and sentenced Price to 188 months' imprisonment. See id. at 18–33. The court also announced that even if the court miscalculated the advisory guideline range, it would impose the same sentence as an alternative variant sentence. See id. at 34. Further, the court stated that "the sentence is the sufficient but not greater than necessary [sentence] for Mr. Price." See id.

Price appealed. See [D.E. 437]. On June 22, 2017, the United States Court of Appeals for the Fourth Circuit affirmed that Price's guilty plea was knowing and voluntary, affirmed that Price waived his right to appeal, and dismissed Price's appeal. See United States v. Price, 691 F. App'x 775, 776 (4th Cir. 2017) (per curiam) (unpublished); [D.E. 455] 2.

On December 27, 2021, Price moved for compassionate release. See [D.E. 496]. On December 28, 2021, Price moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 188-month sentence. See [D.E. 498]. On October 24, 2022, the court denied Price's motion for compassionate release, granted the United States' motion to dismiss Price's section 2255 motion, and denied a certificate of appealability. See Price v. United States, No. 7:14-CR-78, 2022 WL 14095658, at *1–7 (E.D.N.C. Oct. 24, 2022) (unpublished). Price appealed the denial of his motion for compassionate release. See [D.E. 551] 1. On May 8, 2023, the United States Court of Appeals for the Fourth Circuit affirmed. See United States v. Price, No. 22-7254, 2023 WL 3300512, at *1 (4th Cir. May 8, 2023) (per curiam) (unpublished).

On November 10, 2025, Price moved for compassionate release. See [D.E. 592, 593]. On May 19, 2026, the United States responded in opposition. See [D.E. 602].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has

served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford v. United States, 146 S. Ct. 1320 (2026). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . .

means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez v. United States, 146 S. Ct. 1292, 1307 (2026). "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n

extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction.  U.S.S.G. § 1B1.13(e).

III.

Price asks the court to reduce his 188-month sentence to 164 months' imprisonment and argues that his 188-month sentence is unusually long because if sentenced today, Price would not be a career offender.  See [D.E. 593] 6–8.  Specifically, Price argues that he would not be a career offender because the Fourth Circuit held in United States v. Norman, 935 F.3d 232, 236–42 (4th Cir. 2019), that a drug-trafficking conspiracy conviction under 21 U.S.C. § 846 (Price's crime of conviction) is not a "controlled substance offense" under U.S.S.G. § 4B1.2.  See id. at 6–8; [D.E. 592] 2.  Price relies on the "unusually long sentence" policy statement and the "other reasons" policy statement.  See [D.E. 593] 5.

The alleged disparity between the sentence Price received in 2016 and the sentence Price believes he would receive if he were sentenced today is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i).  See Rutherford, 146 S. Ct. at 1330 (characterizing such disparities as "unexceptional feature[s] of a system in which nonretroactivity is the default"); cf. United States v. Johnson, __ S. Ct. __, 2026 WL 1640930, at *1 (2026) (vacating and remanding, in light of Rutherford and Fernandez, United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), which held that a district court could consider the disparity between a defendant's sentence and the sentences of his codefendants who pleaded guilty and cooperated under the "other reasons" policy statement in U.S.S.G. § 1B1.13(b)(5)).  In Rutherford, the Supreme Court held that before examining the section 3553(a) factors in connection with a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up).  "And whether

5

a prisoner is eligible depends on whether he can offer extraordinary and compelling reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Price fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. As for nonretroactive changes in the law under the First Step Act, those changes are not extraordinary and compelling reasons. See id. at 1330; Fernandez, 146 S. Ct. at 1302–07. As for Price's argument about Norman, Fernandez suggests that, when a later judicial decision or guideline amendment would alter a rule of decision that applied when the court sentenced a defendant, the proper vehicle to correct the sentence is a motion under section 2255, not a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See 146 S. Ct. at 1303–07. Notably, in Fernandez, the Supreme Court rejected the defendant's argument that "the ability to bring a merits-based challenge under [section] 3582 mitigates the error and the unfairness of the prisoner's not having been able to bring it under [section] 2255." Id. at 1302 (cleaned up). This principle applies when a defendant, like Price, asserts that a later judicial decision or guideline amendment would likely result in a shorter sentence, because section 2255(f)'s "tight procedural constraints" generally would prohibit such a claim from being brought under 28 U.S.C. § 2255 if the later judicial decision occurred more than a year after the conviction became final. Id. at 1300; see id. at 1303 ("A reason is not 'compelling' if Congress has channeled it through the postconviction statutes."); 28 U.S.C. § 2255(f)(1)–(4). In Fernandez, the Supreme Court also explained that the compassionate release statute's "focus on granting mercy rather than righting legal wrongs," and the Bureau of Prison's "institutional expertise" concerning "the daily lives of

prisoners" and not "evaluat[ing] legal arguments" supported its conclusion that doubt about a defendant's conviction is not an extraordinary and compelling reason for compassionate release. 146 S. Ct. at 1303–05.

Alternatively, Price's sentence was not "unusually long" and there is no "gross disparity" between that sentence and the sentence he likely would receive today. U.S.S.G § 1B1.13(b)(6). The court sentenced Price to 188 months' imprisonment. See Sent'g Tr. at 17–33. That sentence is not "unusually long." U.S.S.G. § 1B1.13(b)(6). If sentenced today without the career offender designation, Price's total offense level likely would be 27, his criminal history category likely would be V and his advisory guideline range would be 120 to 150 months' imprisonment. See PSR ¶¶ 40, 60–72; Price, 2022 WL 14095658, at *4 n.2. The change to the career offender designation does not create a "gross disparity." U.S.S.G. § 1B1.13(b)(6). Thus, Price does not meet the requirements of section 1B1.13(b)(6).

To the extent that Price argues that the "other reasons" policy statement permits the court to consider the purported disparity between his sentence and the sentence he likely would receive today, the court rejects the argument. Such a disparity is not an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i). "An other reason under section 1B1.13(b)(5) must be "similar in gravity" to the enumerated reasons in section 1B1.13(b)(1)–(4). U.S.S.G. § 1B1.13(b)(5). But, as explained in Rutherford and Fernandez, Price's cited reasons are not extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i). Section 1B1.13(b)(5) cannot make extraordinary and compelling what the Supreme Court has held is "an unexceptional feature of a system in which nonretroactivity is the default." Rutherford, 146 S. Ct. at 1330. Stated differently, a prisoner cannot use the portion of U.S.S.G. § 1B1.13(b)(6) that the Supreme Court invalidated in Rutherford to obtain relief under U.S.S.G. § 1B1.13(b)(5). See id. Thus, the

7

changes in sentencing laws that Price cites do not constitute "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A)(i), U.S.S.G. § 1B1.13(b)(5) or (6), and the court denies Price's motion for compassionate release.

Price also cites his age (23) when he committed the offenses of conviction, his rehabilitative efforts while incarcerated, and his proposed release plan. See [D.E. 593] 8–15; [D.E. 592-2]. Price's age at the time of his offense is not similar in gravity to the enumerated reasons in section 1B1.13(b)(1)–(4), and Price's rehabilitation alone is not an extraordinary and compelling reason for compassionate release. See U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t). Moreover, Price's release plan is not itself an extraordinary and compelling reason. Price has failed to demonstrate that extraordinary and compelling reasons warrant reducing his sentence, and the court denies his motion.

Alternatively, even if Price demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(5), the section 3553(a) factors counsel against granting Price's motion. See Concepcion v. United States, 597 U.S. 481, 499–502 (2022); Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Price is 35 years old and is incarcerated for conspiracy to distribute 100 grams or more of heroin and 100 grams or more of a mixture and substance containing a detectable amount of PCP in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). See PSR ¶¶ 1–4. Price is a member of the Bloods street gang and distributed 234.6 grams of heroin and 100 grams of PCP between November 2013 and September 2014. See id. ¶¶ 14–25. As part of his drug dealing, Price and his co-conspirators threatened to kill a rival drug dealer. See id. ¶ 25. Moreover, Price is a violent recidivist drug dealer with criminal history that began in 2008. See id. ¶¶ 31–37. Price's extensive criminal history includes possession of a handgun by a minor, assault with a deadly weapon on a

government official, fleeing and eluding arrest with a motor vehicle involving three aggravating factors, possession with intent to manufacture, sell, and deliver cocaine (three counts), possession with intent to manufacture, sell, and deliver heroin (three counts), possession of a controlled substance in jail, and possession with intent to sell and deliver PCP. See id.

Price has taken some positive steps while federally incarcerated. Price has participated in the Challenge Program, taken educational classes, and developed a proposed release plan. See [D.E. 592-2] 1–7; [D.E. 593-6] 2–6; [D.E. 593-8] 2; [D.E. 593-9] 2. But Price has received infractions for possessing a hazardous tool (two infractions) and being insolent to prison staff. See [D.E. 593-7] 2–3.

The court has considered the entire record, Price's rehabilitative efforts, Price's age, Price's release plan, the character letters Price submitted in support of his motion, the section 3553(a) factors, Price's arguments, and the government's persuasive response. The court also has considered the need to punish Price for his appalling criminal behavior, to incapacitate Price, to promote respect for the law, to deter others, and to protect society from Price. Given the entire record, the court denies Price's motion for compassionate release. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2

9

(E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 592].

SO ORDERED. This 29 day of June, 2026.

JAMES C. DEVER III<br>
United States District Judge